UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY HAGER AND HALEY PAPPAJOHN
20400 Poplar Creek Pkwy., Unit 318
Brookfield, WI 53045

        Plaintiff,

v.

TIFFIN MOTOR HOMES, INC.
105 2nd Street Northwest
Red Bay, AL 35582

and

LIPPERT COMPONENTS, INC.
3501 County Road 6 East
Elkhart, IN 46514

        Defendants.

Case No. 25-cv-2010

---

## COMPLAINT

---

The Plaintiffs, by their attorneys, Lawton & Cates, S.C., as and for their complaint against the Defendants named above, allege and show to the Court as follows:

1. Plaintiffs Timothy Hager and Haley Pappajohn ("Plaintiffs") are, and at all times material hereto were, adult citizens of the State of Wisconsin, residing at 20400 Poplar Creek Pkwy., Unit 318, Brookfield, WI 53045.

2. Defendant Tiffin Motor Homes, Inc. ("Tiffin") is a foreign corporation conducting business in the State of Wisconsin with a principal office address located at 105 2nd Street Northwest Red Bay, AL 35582.

3. Tiffin manufactures and distributes motorhomes throughout the State of Wisconsin.

4. Tiffin has numerous authorized dealers and servicing centers throughout Wisconsin.

5. Tiffin has substantial contacts with the Eastern District of Wisconsin by virtue of its commercial activities including advertising, sales and servicing of its vehicles under warranty.

6. Lippert Components, Inc. ("Lippert") is a foreign corporation conducting business in the State of Wisconsin with a principal office located at 5301 County Road 6 East, Elkhart, IN 46514.

7. Lippert is a manufacturer of components and parts for recreational vehicles including, but not limited to, hydraulic systems, slide outs, jacks, axles, windows and other recreational vehicle components.

8. Lippert does substantial business in the Eastern District of Wisconsin by virtue of its commercial activities.

9. On or about November 30, 2023, Plaintiffs took delivery of a new 2024 Tiffin Allegro RV ("the RV") from an authorized Tiffin dealership located in Wisconsin.

10. Said dealership was authorized to sell recreational vehicles covered by Tiffin's and Lippert's express and implied warranties.

11. The RV was covered by Tiffin's and Lippert's express warranties.

12. Plaintiffs relied upon the above-described warranties in deciding to purchase the RV.

13. After taking delivery of the RV, Plaintiffs realized it suffered from numerous defects which substantially impaired its use, value, and safety.

14. Said defects are covered by the warranties described herein.

15. On numerous occasions after taking delivery of the RV, and before expiration of the warranties described herein, Plaintiffs notified Tiffin and Lippert and their authorized dealers of the defects.

16. On numerous occasions, Plaintiffs made the RV available to Tiffin and Lippert and to Tiffin's and Lippert's authorized dealers for repair of the defects, after which the defects continued to exist.

17. The RV has been out of service due to warranty nonconformities on numerous occasions throughout the time since its delivery to Plaintiffs.

18. The RV's warranty nonconformities continue and have not been repaired by Defendants, nor by their authorized dealers.

### Claim 1 -- Violation of Wisconsin's lemon law, Wis. Stat., 218.0171, et. seq.

19. The RV was out of service for at least 30 days because of warranty nonconformities during the first year after delivery and before the expiration of the express warranty as those terms are defined by Wis. Stats., 218.0171 et. seq., ("The Wisconsin lemon law").

20. The same warranty nonconformity has been subject to repair by Tiffin, Lippert and/or their authorized dealers at least four times within one year of first delivery of the RV to Plaintiffs, and the nonconformity has continued.

21. The RV is a new motor vehicle that did not conform to applicable express warranties.

22. The Plaintiffs reported the nonconformities to Tiffin and Lippert and to their authorized dealers and made the RV available for repair before expiration of one year after first delivery to the Plaintiffs, and the nonconformities have not been repaired in violation of Wis. Stat. § 218.0171(2)(a).

23. On August 6, 2025, Plaintiffs, through their counsel, served on Tiffin and Lippert Wisconsin DOT MV2691, directing them to accept return of the RV and provide a full refund in accordance with the Wisconsin lemon law.

24. Neither Tiffin nor Lippert accepted return of the RV and both Defendants failed to provide the required refund within 30 days as required by the lemon law.

25. As a direct and proximate result of Tiffin's and Lippert's violation of the lemon law, the Plaintiffs have suffered pecuniary loss, collateral costs, attorney's fees, court costs and other losses and damages.

### Claim 2: Breach of Written Warranty

26. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 25 of this Complaint as if set forth in full herein.

27. Tiffin and Lippert breached their written warranties by failing to repair the RV within a reasonable time.

### Claim 3: Breach of Contract – Merchantability and Fitness for a Particular Purpose

28. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 27 of this Complaint as if set forth in full herein.

29. Through their marketing and sale of their respective products at issue herein, Tiffin and Lippert made implied warranties that the RV would be merchantable and fit for the ordinary purposes for which such vehicles are commonly used.

30. By failing to repair the RV, Tiffin and Lippert have breached their warranties of merchantability and fitness for a particular purpose.

### Claim 4: Violation of Federal Magnuson-Moss Warranty Act

31. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 30 of this complaint as if set forth in full herein.

32. The acts and omissions of Tiffin and Lippert alleged herein constitute violations of the federal Magnuson-Moss Warranty Act, 15 U.S.C. §§2301, et. seq., entitling the Plaintiffs to the remedies described therein.

33. As a direct and proximate result of Defendants' violations of the federal Magnuson-Moss Warranty Act, and their breaches of warranties as alleged in Claims 2 through 4 of this Complaint, the Plaintiffs have suffered pecuniary loss, consequential damages, costs of repair, attorney's fees, court costs, and other losses and damages.

34. The Plaintiffs seek damages in excess of $75,000.00, exclusive of costs, attorney's fees and interest, thereby satisfying jurisdictional requirements under 28 U.S.C § 1332(a).

35. There is complete diversity between the parties, thereby satisfying jurisdictional requirements under 28 U.S.C § 1332(a).

**WHEREFORE,** Plaintiffs demand judgment against the Defendants, jointly and severally, as follows:

    A. Money damages pursuant to Wis. Stat. § 218.0171(7)(a), federal Magnuson-Moss Warranty Act, 15 U.S.C. §§2301, et. seq., and to compensate Plaintiffs for Defendants' breaches of warranty;

    B. Awarding Plaintiffs their costs, disbursements, and reasonable attorney's fees; and

    C. Providing for such other relief as the Court deems is just and equitable;

**A TWELVE-PERSON JURY TRIAL IS HEREBY DEMANDED.**

Dated this 22nd day of December, 2025.

LAWTON & CATES, S.C.

*/s/ Terrence M. Polich*

Terrence M. Polich
State Bar No.: 1031375
Attorneys for Plaintiffs

P.O. Box 2965
1050 E. Washington Ave., Suite 330
Madison, WI 53703
P: (608) 282-6200
F: (608) 975-2662
tpolich@lawtoncates.com